UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CECILIA ARGUETA, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>J.P. MORGAN CHASE, dba WASHINGTON MUTUAL F.S.B.; QUALITY LOAN SERVICE CORPORATION; FEDERAL HOME LOAN MORTGAGE CORPORATION; and DOES 1-20, inclusive,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:11-441 WBS GGH<br><br><u>ORDER RE: MOTION FOR LEAVE TO AMEND</u> |

----oo0oo----

        Presently before the court is plaintiff Cecilia Argueta's motion for leave to file a Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a)(2). The court granted defendants' motion to dismiss the First Amended Complaint with leave to amend on June 30, 2011, (Docket No. 24), and the parties stipulated to extend the time for filing a SAC to July 28, 2011. (Docket Nos. 28, 29.) Plaintiff did not amend

1

her complement by that time.  On August 8, 2011, plaintiff filed this motion to amend her complaint to reassert a claim for breach of contract/promissory estoppel and to allege new claims for negligent misrepresentation and quiet title.[1]  (Docket Nos. 31, 32.)  Defendants have not filed an opposition or statement of non-opposition.

Federal Rule of Civil Procedure 15 empowers parties to agree to amendments and alternatively directs the court to freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality."  <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990).

Courts commonly consider four factors when deciding whether to grant a motion for leave to amend a complaint: (1) bad faith on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment.  <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 628 (9th Cir. 1991).  Whether to grant or deny leave to amend is within the discretion of the district court.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

The court does not find that plaintiff unduly delayed or acted in bad faith.  Similarly, prejudice exists where amendment will significantly hinder a defendant's ability to defend against the plaintiff's claims, as in cases where

---

[1] Plaintiff's First Amended Complaint alleged claims for breach of contract/promissory estoppel as well as breach of the covenant of good faith and fair dealing, negligence, and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210.  (Docket No. 12.)  Plaintiff only seeks to reassert the first claim.

2

discovery has already been completed or when the amendment will require relitigation of significant issues. See Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989); Georgiou Studio, Inc. v. Boulevard Invest, LLC, 663 F. Supp. 2d 973, 978 (D. Nev. 2009). The court has not yet issued a scheduling order in this matter. No discovery has occurred and no trial date has been set. There is no indication that defendants would be prejudiced by the amendment.

        Finally, a court need not deny plaintiff's motion for leave to amend based on futility alone. Duhn Oil Tool, Inc. v. Cooper Cameron Corp., No. CV-F-05-1411 OWW GSA, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010) ("[D]enial on [the ground of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

        IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend be, and the same hereby is, GRANTED. Plaintiff is ordered to file her Second Amended Complaint within ten days of the date of this Order.

DATED: September 6, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE